UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WISZ,
        Plaintiff,

v.

Case No. 19-12477
District Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

KIMBERLY WALDRON-MAYER,
Individually and d/b/a GATEWAY
COUNSELING CENTER, INC., a
Dissolved Michigan Corporation
        Defendants.
_____/

**<u>ORDER:
(1) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S STATE LAW CLAIMS [ECF No. 1];
(2) DISMISSING WITHOUT PREJUDICE DEFENDANTS' STATE LAW CLAIMS [ECF No. 6];
(3) MOOTING PLAINTIFF'S MOTION TO DISMISS [ECF No. 8]</u>**

On August 22, 2019, Plaintiff filed a complaint stating one federal claim under 42 USC § 1983 and three state law claims: (2) Intentional Misrepresentations; (3) Silent Fraud; (4) Unjust Enrichment; and (5) Intentional Infliction of Emotional Distress. On September 15, 2019, Defendants filed a counterclaim alleging one federal claim – violation of 18 U.S.C. § 2511 – and four state law claims: violation of Mich. Comp. Laws §§ 750.539(b)-(e), 750.539(h), Intentional Infliction of Emotional Distress, Malicious Prosecution, and Fraud in the Inducement.

1

The Court has federal question jurisdiction over Count I in both the complaint and counterclaim because both claims arise under federal law. Because Plaintiff and Defendants are not diverse, the Court only has supplemental jurisdiction of their state law claims under 28 U.S.C. § 1367.

The Court may decline to exercise supplemental jurisdiction over a state law claims if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Court declines to exercise supplemental jurisdiction over the parties' state law claims – i.e., Counts II-V in the complaint and II-V in the counterclaim – because they substantially predominate over the claims brought under federal law and because at least some of the claims appear to raise complex issues of state law. *See* 28 U.S.C. § 1367(c); *United Mine Workers v. Gibbs*, 282 U.S. 715 (1966). Furthermore, the Court finds that avoiding possible jury confusion also supports declining supplemental

jurisdiction over the state law claims, because the applicable standards under the federal and state law claims are different, and federal and state immunity law differs. *See Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315-16 (E.D. Mich. 1994).

The Court sets a telephone conference for Wednesday, October 23 at 11:00 am to discuss the remaining federal claims and questions of immunity.

Plaintiff and Defendants' state law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(2). Plaintiff's motion to dismiss is **DENIED** as MOOT.

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 22, 2019